

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED

DISTRICT OF TEXAS

JUN 8 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| JULIANA DABOH | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| BAYLOR HEALTH CARE SYSTEM | § | Civil Action No. |
| OCCUPATIONAL INJURY BENEFIT | § | 3 - 0 6 C V   1 0 0 6 B |
| PLAN, NO. 513 | § | |
| Defendant. | § | |

## COMPLAINT

1.     Juliana Daboh ("Plaintiff") files this her Complaint against Baylor Health Care System Occupational Injury Benefit Plan, No. 513 ("Plan").

### I.
### Parties

2.     Plaintiff is an individual who resides in Dallas County, Texas.

3.     The Plan, at all times material to this action, has been an employee benefit plan within the meaning of 29 U.S.C. § 1003(a)(2), located at 2001 Bryan Street, Suite 2200, Dallas, Texas 75201 and can be served by serving John Thomas, Senior Vice President-General Counsel, Baylor Health Care System, 3600 Gaston Avenue, Suite 150, LB 23, Dallas, Texas 75246.

### II.
### Jurisdiction and Venue of ERISA Claims

4.     This action against the Plan arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. § 1001 *et. seq.*

5.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1).

6.     Venue is proper in this District pursuant to 29 U.S.C § 1132(e)(2), because the breach

occurred in this District.

### III.
### Factual Background

7.      The Plan was an employee occupational injury plan which provided wage replacement benefits and medical benefits for qualified employees of Baylor Health Care System ("Baylor") who were injured on the job and who qualify under the Plan.

8.      The Plan is subject to ERISA.

9.      Baylor, Plaintiff's employer, established the Plan.

10.      At all pertinent times, Plaintiff was employed as a registered nurse at Baylor.

11.      At all pertinent times, Plaintiff was a participant within the meaning of 29 U.S.C. § 1002(7), in the Plan.

12.      On July 25, 2005, Plaintiff was injured on the job while performing the duties of her job.

13.      On July 27, 2005, Plaintiff ceased working for Baylor due to the injury.

14.      Plaintiff is not able to meet the physical requirements of any occupation due to this injury, and is continuing to incur medical expenses and/or requires further medical treatment related to this injury.

15.      On August 31, 2006, the Plan denied Plaintiff wage replacement and medical benefits on the basis that Plaintiff's injury was due to a pre-existing condition.

16.      Plaintiff has complied with all requirements of the Plan for an administrative appeal.

17.      Plaintiff has met the requirements for continued receipt of wage replacement and medical benefits under the Plan.

18.    The Plan provides:

> The Plan pays benefits only on account of an "Injury." An "Injury"
> means damage or harm to the physical structure of the body resulting
> from:
> > an "Accident" (which means an event that –
> > > was unforseen, unplanned, and unexpected;
> > > occurred at a specifically identifiable time and place;
> > > occurred by chance or from unknown causes; and
> > > results in physical injury to you);

Summary Plan Description, Page 11.

19.    The Plan provides:

> <u>Totally Disabled or Total Disability</u>
> A medically demonstrated anatomical or physiological abnormality
> caused by an Injury, and commencing within six months from the
> date of Injury, which–
> > causes you to be unable to perform the normal duties for which you
> were employed;
> > causes you to be under the regular care of an Approved Physician;
> and
> > causes you to be unable to engage in Modified Duty or any other
> occupation for wage or profit.

Summary Plan Description, Page 46.

20.    The Plan provides:

> Medical Benefits
> Subject to the medical management and other provisions of this Plan,
> <u>medical services and supplies that are approved by the Claims
> Administrator.</u> . . are covered at 100%, with no co-pays, deductibles
> or other out-of-pocket expenses to you, provided that all Plan
> requirements are satisfied.. . .

Summary Plan Description, Page 21.

21.    The Plan provides:

> From the first full day that you become Totally Disabled due to a
> covered Injury, this Plan provides Wage Replacement Benefits. The

benefit amount with equal 90% of your Pre-Injury Pay. . . .

Summary Plan Description, Page 17.

### IV.
### COUNT ONE
### Breach of the Plan Provisions Claim Against the Plan

22.     Plaintiff is entitled to wage replacement benefits and medical benefits under the Plan as Plaintiff meets the definition of disability and satisfies the requirements for medical benefits contained in the Plan.

23.     Plaintiff has complied with her obligations to make proof of claim in accordance with the Plan's requirements.

24.     Plaintiff is entitled to have the Court conduct a trial *de novo* of the issues stated herein.

25.     In the alternative, the Plan's decision to deny Plaintiff's benefits is arbitrary and caprious.

26.     The Plan operates with a conflict of interest because it operates the Plan in its own interest.

27.     The Plan provides that when the Plaintiff is injured on the job that the Plan will pay wage replacement and medical benefits.

28.     Such wage replacement benefits will be 90% of Plaintiff's lost wages for up to 110 weeks.

29.     Such medical benefits will be 100% of covered charges for up to 110 weeks.

30.     Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks from the Plan, wage replacement benefits, medical benefits which have not been paid to her and reinstatement for medical benefits for the period allowed in the Plan or which should have been allowed under the Plan.

### V.
### COUNT TWO
### Attorney's Fees Pursuant to 29 U.S.C § 1132(g)(1) Against the Plan

31.     Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff seeks an award of her reasonable and necessary



attorney's fees in connection with the prosecution of this action.

## VI.
## COUNT THREE
### Pre-Judgment Interest

32.     Plaintiff seeks an award of pre-judgment interest on the past due benefits payable to Plaintiff.

### Prayer

WHEREFORE, Plaintiff requests that the Court order:

1.      The Plan to pay Plaintiff the full employee benefits accrued  and unpaid at the time of trial and/or reinstatement  for medical benefits for the period allowed in the Plan or which should have been allowed under the Plan.

2.      The Plan pay Plaintiff's  reasonable attorney's fees incurred in pursuing recovery of benefits owed to him;

3.      The Plan pay Plaintiff pre-judgment and post-judgment interest; and

4.      That Plaintiff  recover the cost of this action and such other and further relief as the Court may deem proper under the circumstances.

Respectfully submitted,

Bernard A. Guerrini
Attorney in Charge
State Bar No. 08581700
BERNARD A. GUERRINI, P.C.
6500 Greenville Avenue, Suite 320
Dallas, Texas 75206
Phone: (214) 692-6556
Fax:    (214) 962-6578
guerrinipc@erisaltd.com

ATTORNEY FOR PLAINTIFF



Case 3:06-cv-0100___ Document 1 Filed 06/08/06 Page 6 of 6 PageID 6

JS 44 (Rev. 11/04) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Juliana Daboh

**DEFENDANTS**
Baylor Health Care System Occupational Injury Benefit Plan No. 513

RECEIVED
JUN - 8 2006
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(b)** County of Residence of First Listed Plaintiff  Dallas County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bernard A. Guerrini, Bernard A. Guerrini, P.C. 6500 Greenville Ave., Ste. 320, Dallas, TX 75206, 214.6926556 (v) 214.692.6578 (f)

Attorneys (If Known)

3-06CV 1006B

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI / ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☒ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 1140 & 29 USC 1132
Brief description of cause:
Plaintiff's claim is for ERISA benefits from Defendants and attorney's fees

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ unliquidated
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 6/7/06    SIGNATURE OF ATTORNEY OF RECORD  Bernard A. Guerrini

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____